## Giglia v. Dottis

*James L. Shea* and *George W. Thompson*, for plaintiff.

Joseph T. Labrum, Jr., Stephen H. Palmer, Joseph B. Lastowska, Jr., and Francis G. Pileggi, for defendants.

JEROME, J., September 16, 1974—

## I. STATEMENT OF THE ISSUES

The issue in this matter concerns the validity of an agreement of sale dated November 16, 1971, wherein Ruth M. Dottis, singlewoman, title owner of record agreed to sell to Loretta R. Giglia 14 acres of land in Concord Township. The agreement of sale was witnessed by Vincent Pascale, Sr., who defendants allege was the equitable owner of this ground and who it is claimed should have also signed the agreement of sale.

## II. FINDINGS OF FACT

1. Ruth M. Dottis, a singlewoman, holds the legal title of record to approximately 14 acres of ground at the rear of premises 276 Concord Road, Concord Township, Delaware County, Pa., known as lots nos. 7, 8, 9, 10, 11 and 12, as described on the plan of lots drawn by James R. Pennell on February 12, 1949, being part of the same premises which Madge B. Dobb, by deed dated December 1, 1948, and recorded in the Office for the Recording of Deeds for Delaware County, in Deed Book No. 1466, page 458, etc., conveyed to Ruth M. Dottis in fee.

2. Vincent Pascale, Sr., who died March 12, 1972, owned the equitable title to this ground by virtue of the admissions of Ruth M. Dottis that he had paid the purchase price of the property from his own funds and that she, therefore, held title of record on behalf of Vincent Pascale, Sr.

3. Vincent Pascale, Sr., orally directed Ruth M. Dottis in his presence to sign her name to the agreement of sale dated November 16, 1971, and then signed his name as a witness.

4. The agreement of sale dated November 16, 1971, constituted a valid agreement of sale requiring Ruth M. Dottis and Vincent Pascale, Sr., to convey good and marketable title to the said 14 acres of ground and such as will be insured at regular rates by a responsible title insurance company.

5. The said agreement of sale included any equitable or beneficial interest of Vincent Pascale, Sr., as well as any legal title owned by defendant, Ruth M. Dottis.

6. The equitable interest of Vincent Pascale, Sr., was evidenced by no instruments in writing, and was established solely by the oral admissions of defendant, Ruth M. Dottis.

7. Vincent J. Giglia, husband of plaintiff, Loretta R. Giglia, has volunteered to join with Loretta R. Giglia in the purchase money mortgage required by the said agreement of sale dated November 16, 1971, and at the option of plaintiff, the said Vincent J. Giglia may also take title to the said premises with plaintiff.

8. Sufficient and satisfactory notice of this proceeding has been given to the children of Vincent Pascale, Sr., namely Mary Pascale Biafore, Jeanette Pascale McCormick, Lawrence Pascale and Vincent Pascale, Jr., through their respective attorneys, to bar any claim by them contrary to the decree hereinafter set forth.

## III. CONCLUSIONS OF LAW

1. Equity has jurisdiction in this matter.
2. The Statute of Frauds has no application to

the equitable interest of Vincent Pascale, Sr., since such interest was not in writing and established only by the oral testimony of defendant, Ruth M. Dottis.

3. The Statute of Frauds is satisfied both as to the interest of Vincent Pascale, Sr., and Ruth M. Dottis in that Vincent Pascale, Sr., directed defendant, Ruth M. Dottis, to sign the agreement of sale dated November 16, 1971, to Loretta R. Giglia, plaintiff.

4. Plaintiff is entitled to specific performance of the agreement of sale dated November 16, 1971, between Ruth M. Dottis and Loretta R. Giglia.

5. Plaintiff is entitled to specific performance of the agreement of sale dated November 16, 1971, free and clear of the lien of lis pendens of the children of Vincent Pascale, Sr., filed as of no. 11200 of 1971, in the Court of Common Pleas of Delaware County, Pa.

## DECREE NISI

And now, to wit, September 16, 1974, upon hearing and consideration thereof:

It is ordered, adjudged and decreed that:

1. Defendant, Ruth M. Dottis, shall execute and deliver to Loretta R. Giglia, at time of settlement hereunder, a quit claim deed to approximately 14 acres of ground, known as lots nos. 7, 8, 9, 10, 11 and 12, as described on a plan of lots drawn by James R. Pennell, on February 12, 1949, and more specifically described as follows:

"ALL THAT CERTAIN lot or piece of ground, Situate in Concord Township, Delaware County, Pa., as shown on a map made for J. A. and D. Halstead by Hopkins and Scott, Registered Surveyors, Kimberton, Pa., dated November 3, 1971.

"BEGINNING at an iron pin, the Easterly corner of lands of Fredrick A. Blair and on line of lands of Andrea and Caroline L. Venuti, said point of beginning also being measured the two following courses and distances from the center line of Watson Road: (1) 1,299.64 feet along the Northeasterly side line of Concord Road (45.0 feet wide) in an iron pipe in the center of 30.0 feet wide right of way established for the purpose of ingress and egress to the herein described lands, said iron pipe being the Southerly corner of lands of F. A. Blair and the Westerly corner of lands of A. and C. L. Venuti, (2) Along the center line of the aforementioned 30.0 feet wide right of way and being the line dividing lands of Venuti from lands of Blair North 60 degrees 44 minutes East 451.54 feet to the point of beginning; Thence along lands of F. A. Blair and Edgar L. and Nellie E. Walker, being partially along or near a fence line, North 39 degrees 27 minutes 40 seconds West 554.26 feet to an iron pipe, a corner of lands of Walker and on line of lands of John J. and Frances McClaskey; Thence along lands of McClaskey North 56 degrees 05 minutes East 518.36 feet to an iron pin, a corner of McClaskey and on line of lands of William L. Willitts; Thence along lands of Willitts the two following courses and distances: (1) South 56 degrees 46 minutes East 554.33 feet to an iron pin, being along or near a fence line. (2) North 60 degrees 20 minutes East 297.97 feet to an iron pipe, a corner of lands of Peter W. Kierbiedz; Thence along lands of Kierbiedz, being along or near a fence line, South 29 degrees 17 minutes East 387.53 feet to an iron pin, a corner of lands of Alfred and Anna S. Huweart; Thence along lands of Huweart, crossing an iron pipe at a distance of 11.49 feet and being partially along or near a fence

line, South 56 degrees 48 minutes West 752.04 feet to an iron pipe, a corner of lands of Ruth M. Dottis and John A. and Dawn Halstead; Thence along lands of Halstead and Andrea Venuti, crossing an iron pipe at a distance of 174.39 feet, North 41 degrees 14 minutes West 348.78 feet to an iron pipe, a corner of Venuti, being in the center of the aforementioned 30.0 feet wide right of way; Thence along the center of said right of way and being along lands of Venuti South 60 degrees 44 minutes West 150.00 feet to the first mentioned point and place of beginning.

"CONTAINING 14.491 Acres.

"TOGETHER with the right and use of a 30 feet wide private right-of-way or roadway leading Southwestwardly into Concord Road in common with the owners, of the premises abutting thereon.

"BEING part of the same premises which Madge B. Dodd, Widow, by Indenture bearing date the 1st day of December, A.D. 1948, and recorded at Media, Penna., in Deed Book No. 1466, Page 458 &c., granted and conveyed unto Ruth M. Dottis, Singlewoman, her heirs and assigns, in fee."

2. Defendants, Ruth Dottis and Francis G. Pileggi, co-executors of the estate of Vincent Pascale, Sr., deceased, shall execute and deliver to Loretta R. Giglia, by good and sufficient deed, all right, title and interest of decedent, Vincent Pascale, Sr., to the said 14 acres of ground as described in paragraph 1 hereof.

3. Loretta R. Giglia and her husband, Vincent J. Giglia, shall execute and deliver a purchase money mortgage to the estate of Vincent Pascale, Sr., in the amount of $15,000., payable in annual installments of $1,500. per year, plus six percent interest on the unpaid balance, with the first annual

payment due one year after date of settlement in accordance with the agreement of sale.

4. The said conveyances shall be free and clear of the lien of lis pendens of the children of Vincent Pascale, Sr., filed as of no. 11200 of 1971 in the Court of Common Pleas of Delaware County.

5. Settlement between plaintiff and defendants shall be at a title company of plaintiff's choice and shall be made within 60 days after the decree nisi shall become a final decree.

6. Defendants are enjoined from mortgaging or encumbering the said property in any way, and from selling or conveying the same or any part thereof to any person other than plaintiff as prayed for in plaintiff's complaint.

7. Plaintiff shall bear her own costs and the estate of Vincent Pascale, Sr., deceased, shall bear defendants' costs.